UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **THE SATERI GROUP LLC**<br>**315 DAYTON STREET**<br>**HAMILTON, OHIO 45011**<br><br>　　Plaintiff,<br><br>v.<br><br>**CENTRAL TRANSPORT LLC**<br>**C/O BOC3 AGENT HUMPHRE**<br>**TRANSPORTATION**<br>**COMPLIANCE LLC**<br>**1225 CORPORATE DRIVE, STE C**<br>**HOLLAND, OHIO 43528**<br><br>and<br><br>**BOLD CITY LOGISTICS LLC**<br>**D/B/A LOGISTICS WORLDWIDE**<br>**C/O BOC3 AGENT SPIRIT ASSET**<br>**PROTECTION LLC**<br>**6345 MARKET AVE N., STE 100**<br>**NORTH CANTON, OHIO 44721**<br><br>　　Defendants. | CASE NO. 1:23-CV-00215<br><br>JUDGE<br><br><br>***PLAINTIFF'S COMPLAINT*** |

　　Now comes Plaintiff, The Sateri Group LLC ("Plaintiff"), by and through its undersigned counsel, and for its Complaint against Defendants (i) Central Transport LLC ("Central"), and (ii) Bold City Logistics LLC d/b/a Logistics Worldwide ("Logistics Worldwide") (collectively, "Defendants"), states as follows:

1

## PRELIMINARY STATEMENT

1. This is an action to recover for a motor carrier's liability under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 *et seq.* (the "Carmack Amendment") for loss and damage during interstate transit to cargo entrusted to Defendant Central Transport LLC.

2. To the extent Central Transport LLC's Rules Tariff is found to be applicable to the subject shipment, Plaintiff also files a breach of contract claim against Defendant Logistics Worldwide, a freight intermediary/broker, for exceeding the scope of its contractual authority in arranging for transport of Plaintiff's cargo subject to a limitation of liability tariff that it neither had authority to accept, and for which it had never advised Plaintiff.

3. Plaintiff seeks judgement in the amount of $35,905.75, plus interest, plus court costs, and attorneys' fees, and any other relief to which Plaintiff may be entitled at law or in equity and/or that this Court may deem necessary and/or appropriate.

## JURISDICTION

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under federal laws and regulatory schemes, including the Carmack Amendment.

5. This Court further has supplemental jurisdiction under 28 U.S.C. § 1367 for Plaintiff's state-law claims against Logistics Worldwide that are related to, and form part of, the same controversy giving rise to Plaintiff's federal claims.

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2), in that The Sateri Group LLC maintains its principal place of business in the Southern District of Ohio, and because a substantial part of the events or omissions giving rise to the claim occurred there.

## PARTIES

7. Plaintiff is an Ohio limited liability company with a principal place of business located in Hamilton, Butler County, Ohio.

8. Upon information and belief Central Transport LLC is a Michigan limited liability company with a principal place of business located in Warren, Michigan, and at all material times was registered with the Federal Motor Carrier Safety Administration ("FMCSA") and held itself out as a for-hire motor carrier authorized to conduct transportation services in Ohio and other states.

9. Upon information and belief Bold City Logistics, LLC d/b/a Logistics Worldwide is a Florida limited liability company with a principal place of business located in Jacksonville, Florida, and is registered with the FMCSA as a freight broker engaging in the arrangement of freight to and through Ohio.

## FACTS

10. On or about April 8, 2022, Plaintiff purchased a bottling machine from Berk's Plant Design & Maintenance Inc. for $35,200.00. **Exhibit A.**

11. Following Plaintiff's purchase of the bottling machine it was introduced to Logistics Worldwide, a freight broker, who Plaintiff hired to arrange for the

transportation of the machine from Pennsylvania to Ohio via an authorized motor carrier.

12. Plaintiff formally hired Logistics Worldwide to perform this service on Plaintiff's behalf for a service fee of $684.75. **Exhibit B.**

13. Under the contract, Logistics Worldwide's authority as freight broker was limited to its selection of an authorized motor carrier that would be subject to the standard liability provisions of 49 U.S.C. § 14706 *et seq.* (the "Carmack Amendment").

14. In other words, Plaintiff hired Logistics Worldwide to arrange for the transport the machine under the expectation that damage to the freight would be subject to the full actual value of the goods, or their invoice value, in the event of loss or damage in transit.

15. At a minimum, under the brokerage agreement, Logistics Worldwide had an obligation to advise Plaintiff that different tiers of carrier liability were available for Plaintiff's consideration.

16. Logistics Worldwide hired Central Transport LLC on or about June 21, 2022 to haul Plaintiff's machine from Berk's Plant Design & Maintenance LLC in Shoemakersville, Pennsylvania to SK Rigging Co. in Cincinnati, Ohio.

17. To memorialize this shipment, either Logistics Worldwide or Central Transport LLC issued Bill Of Lading No. SATERI6131870, **Exhibit C.**

18. Plaintiff is not listed as a party to the Bill Of Lading but has standing under the Carmack Amendment to bring this cause of action because it maintained an ownership interest in the freight at the time it was transported.

19. Plaintiff had no part in the negotiation of, or preparation of, the Bill Of Lading, and was not advised of its terms prior to the freight being tendered for transport.

20. In fact, Plaintiff was not even sent a copy of the Bill Of Lading until after the freight had been deposited with Central, and only then was Plaintiff provided a copy for purposes of tracking the shipment.

21. While the Bill Of Lading references contracts that have been agreed upon in writing between the carrier (Central) and the shipper (Berk's Plant Design & Maintenance Inc.), upon information and belief, no such outside contracts exist between those parties.

22. To the extent the Bill Of Lading seeks to incorporate any outside agreements, rate tariffs, or other documents that limit Central's liability under the Carmack Amendment, Plaintiff cannot be bound by such terms because it did not take any steps to demonstrate acceptance of them. *Ingram Barge Co., LLC v. Bunge N. Am., Inc.*, 455 F. Supp. 3d 558 (M.D. Tenn. 2020), aff'd sub nom. *Ingram Barge Co., LLC v. Bunge N. Am., Inc.*, 852 F. App'x 1029 (6th Cir. 2021).

23. During the shipment and because of Central's negligence, Plaintiff's freight was damaged beyond repair.

24. Because of the damage, delivery was rejected at the point of destination, and the machine was returned to the shipper for further evaluation. Upon evaluation, the shipper determined that the machine was a total loss.

25. Despite submitting a timely claim for damages to Central, upon information and belief, Central has relied on an inapplicable Rate Tariff in absolving itself responsibility for the cargo damage.

26. Specifically, Central claims that the shipper failed to build/supply an appropriate "skid" or pallet for the shipment of the machine, in violation of National Motor Freight Classification ("NMFC") Item 270.

27. The NMFC is a set of standards applicable to less than truckload shipments, but only when appropriately incorporated into a rate tariff or contract with a shipper/consignee. Here, no such adequate incorporation occurred.

28. NMFC Item 270 requires that a pallet be sized and built of "sufficient" dimensions and strength to enable the safe handling of the equipment as a unit.

29. Even if assuming arguendo that Central's tariff and NMFC Item 270 applied to the instant shipment, which Plaintiff disputes, the pallet here always met the requirements of NMFC Item 270.

30. Even if the pallet did not meet NMFC Item 270 standards, the packaging standards that Central relies on were not the proximate cause of the damage the to freight, which can only be explained by some other negligence of Central, namely, that its driver failed to follow the North American Cargo

Securement Standard Model Regulations for Plaintiff's cargo, and other cargo in the LTL shipment.

31. If Central's driver believed the shipment was not safely secured on its pallet, the driver had an independent obligation to reject the load. The driver did not.

32. Finally, upon information and belief, Central failed to advise Plaintiff and/or Logistics Worldwide that it was entitled to at least one alternative option for greater cargo damage liability coverage, rendering the damages limitations of any tariff inapplicable.

33. As a result of the foregoing, Plaintiff has sustained damages, as nearly the same can now be estimated, in the sum of $35,905.75, plus interest consistent with statute and, for the cost of damaged cargo resulting from and reasonably foreseeable from the actions and omissions of Defendants. Additionally, it has incurred costs and attorneys' fees in bringing this lawsuit.

## Count One—Carmack Amendment Violation

### (Against Central Transport LLC)

34. Plaintiff repeats and realleges Paragraphs 1-33 as if fully set forth herein.

35. The Carmack Amendment states, in relevant part:

> A carrier providing transportation or service . . . shall issue a receipt or Bill Of Lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or Bill Of Lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier,

(B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States . . .

49 U.S.C. § 14706.

36. Additionally, 49 U.S.C. § 13102 provides in relevant part:

Transportation. The term 'transportation' includes – (A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property . . . of any kind related to the movement of passengers or property. . . . and (B) services related to the movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.

49 U.S.C. § 13102(23).

37. The Carmack Amendment's purpose is to create a national scheme of liability for motor carriers in connection with losses or damages to goods transported in interstate commerce. Carmack liability can only be waived upon explicit contractual language to that effect.

38. Central is a carrier as that term is used in connection with the Carmack Amendment.

39. While Plaintiff was not listed as the consignee under the Bill Of Lading, it has standing to sue for damages under Carmack based on its ownership interest in the machine at the time of shipment. *Shamoun v. Old Dominion Freight Line, Inc.*, No. 3:19-CV-2034-G, 2020 WL 570903, at *3–5 (N.D. Tex. Feb. 4, 2020).

40. The recently sold bottling machine was purchased by Plaintiff, and Central was hired to haul the machine from Shoemakersville, PA to Cincinnati, Ohio. The Plaintiff and Shipper provided appropriate shipping instructions to Logistics

8

Worldwide and Central, and the shipment was appropriately palleted and secured for transport in a less than truckload environment.

41. When Central took possession of the bottling machine it was in good condition and order.

42. Central acknowledged receipt of the machine in good condition and order when it issued the Bill Of Lading.

43. Central failed to deliver the machine in Cincinnati, Ohio in good condition and order.

44. The machine was damaged and ceased to be in good condition and order when Central failed to appropriately secure the machine and other cargo within the trailer

45. Therefore, Central failed to deliver the machine to Cincinnati, Ohio in the same good condition and order that it was in when it took possession of it in Pennsylvania.

46. Delivery had to be rejected because of the significant damage, which rendered the machine irreparably damaged and unfit for its intended purpose.

47. Under the Carmack Amendment, Central is liable to Plaintiff for the full amount of its actual damages in connection with the machine, which is amounts to the purchase price of $35,200.00 plus shipping costs in the amount of $705.75, for a total claim value of $35,905.75.

48. Central is the direct and proximate cause of those damages.

## Count Two—Breach of Contract

### (Bold City Logistics d/b/a Logistics Worldwide)

49. Plaintiff repeats and realleges Paragraphs 1-48 as if fully set forth herein.

50. On or about June of 2022, Plaintiff and Logistics Worldwide entered a contract whereby Logistics Worldwide would arrange for the transport of Plaintiff's freight through an authorized motor carrier.

51. Under the contract, Logistics Worldwide's authority as freight broker was limited to its selection of an authorized motor carrier that would be subject to the standard liability provisions of 49 U.S.C. § 14706 *et seq.* (the "Carmack Amendment").

52. If Central's rate tariff and limitation of liability provisions are found enforceable, then Logistics Worldwide exceeded the scope of the authority conferred upon it via the contractual relationship it formed with Plaintiff.

53. Because Logistics Worldwide breached the parties' contract, any liability disclaimers between Logistics Worldwide and Plaintiff are void and unenforceable.

54. Thus, to the extent Central's liability under the Carmack amendment is reduced, limited or deemed waived, Logistics Worldwide must compensate Plaintiff for the full value of its valid Carmack claim.

55. Plaintiff performed all its duties under its contractual agreement with Logistics Worldwide.

56. Therefore, since a valid contract existed between Plaintiff and Logistics Worldwide, since Plaintiff fulfilled its contractual obligations, since Logistics Worldwide breached its obligations by failing to ensure Plaintiff's interests were adequately protected, and because Plaintiff has incurred damages as a result, Plaintiff is Logistics Worldwide is liable to Plaintiff in an amount up to the full value of Plaintiff's Carmack claim.

**WHEREFORE**, As to all Counts, Plaintiff demands judgment against Defendants, Central Transport LLC and Bold City Logistics, LLC d/b/a Logistics Worldwide, in the principal amount of $35,905.75, plus interest, plus court costs, and attorneys' fees, and any other relief to which Plaintiff may be entitled at law or in equity and/or that this Court may deem necessary and/or appropriate.

Respectfully submitted,

**Roetzel & Andress LPA**
A Legal Professional Association

_____
Alexander C. Karcher (0098192)
Roetzel & Andress LPA
41 S. High Street, Suite 2100
Columbus, Ohio 43215
P. 614-636-1966
F. 614-463.9792
E. akarcher@ralaw.com
*Counsel for Plaintiff,*
*The Sateri Group LLC*